UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

SELVA ALEJANDRA ABDALA,

      Plaintiff,

v.

IT MIAMI, LLC, a Florida Limited Liability
Company, d/b/a IT ITALIAN TRATTORIA and FABRIZIO
PELLICIOTTI, individually

      Defendants.
_____/

## COMPLAINT

    Plaintiff SELVA ALEJANDRA ABDALA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants, IT MIAMI LLC d/b/a IT ITALIAN TRATTORIA, (hereinafter "IT ITALIAN TRATTORIA") a Florida Limited Liability Company, and FABRIZIO PELLICIOTTI (herein after "PELLICIOTTI"), individually, collectively ("Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendants and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter, "FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

## PARTIES

4. Plaintiff at all times pertinent to this Complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. Plaintiff was an employee covered by Title VII, the ADA, the ADAAA and the FCRA in that she was subjected to dismissal from employment based on her disability and/or in retaliation for her requests for an accommodation.

6. IT ITALIAN TRATTORIA is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Specifically, Plaintiff worked at IT ITALIAN TRATTORIA's principal place of business in Miami, Florida.

7. IT ITALIAN TRATTORIA has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII, the ADA, the ADAA the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

8. IT ITALIAN TRATTORIA is an "employer" as defined by 29 U.S.C. §203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that

it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.  Specifically, IT ITALIAN TRATTORIA is a restaurant located in Miami Beach, Florida where employees regularly use goods transported across interstate lines. Plaintiff worked as a waitress serving food to customers as well as assisted with the cleaning of the restaurant.

10. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Defendant IT ITALIAN TRATTORIA, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant PELLICCIOTTI is a corporate officer of and/or owner and or manager, and exercised operational control over the activities of, corporate Defendant, IT ITALIAN TRATTORIA.

13. Defendant PELLICCIOTTI acted directly in the interest of the company, IT ITALIAN TRATTORIA. Upon all available information, PELLICCIOTTI controlled the manner in which Plaintiff performed her work and the pay she was to receive.

14. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against IT ITALIAN TRATTORIA with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

15. Plaintiff's Charge was filed on or about June 29, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

16. Plaintiff was terminated from her position on or about June 14, 2021. Her charge was therefore timely filed.

17. Plaintiff was issued a Notice of Right to Sue on April 4, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

18. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

19. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO PLAINTIFF'S OVERTIME CLAIM

20. Plaintiff was a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

21. Plaintiff began working for Defendants in December 2020, and ended her employment on or about June 14, 2021, as a waitress.

22. Throughout her employment, Plaintiff regularly worked 8-10 hours a day, five (5) days per week. Plaintiff was compensated at $14.00/hour plus tips on a bi-weekly basis.

23. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff was not paid overtime by Defendants when she worked over 40 hours in a workweek.

24. A review of the pay stubs in which Plaintiff has in her current possession, custody, and control reflect that Plaintiff was not compensated at the time and half rate for her overtime hours. Rather, Plaintiff was only compensated at her regular rate.

25. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

26. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

27. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## GENERAL ALLEGATIONS FOR REMAINING COUNTS

29. Plaintiff suffers from allergic asthma, a medical condition that causes her to have allergic reactions that affect her breathing when exposed to certain substances. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's ability to, at minimum, to effectively breathe when she is exposed to certain substances. The ability to breathe is considered a "major life activity" as defined by the ADA and ADAAA.

30. At the beginning of her employment at IT ITALIAN TRATTORIA, Plaintiff disclosed her medical condition to the owner, PELLICIOTTI.

31. On or about June 3, 2021, Plaintiff suffered an asthma attack and was hospitalized for the day to undergo treatment. Thereafter, Plaintiff was discharged with limitations on her ability to bear weight and do strenuous activities.

32. Plaintiff notified her supervisors, Michele Laajami (herein "Laajami") and Lucrezia Lengua (herein "Lengua"), of her condition, hospitalization and physical limitations imposed by her doctor.

33. Plaintiff provided the medical documents to her supervisors and requested a reasonable accommodation pursuant to the Doctor's note.

34. Laajami and Lengua did not address Plaintiff's reasonable request. Instead, they assigned Plaintiff tasks that required strenuous activity and that were outside of her regular duties.

35. On or about June 14, 2021, Plaintiff complained to PELLICIOTTI about Laajami and Lengua's failure to provide reasonable accommodations.

36. That same day, after her complaint, PELLICIOTTI terminated Plaintiff for allegedly being late.

37. Prior to her termination, Plaintiff was not previously disciplined and was not advised of her risk of termination.

38. IT ITALIAN TRATTORIA 's alleged reason(s) for Plaintiff's termination are pretextual as Plaintiff was in fact terminated from employment with IT ITALIAN TRATTORIA as a result of her condition(s) within weeks of her reasonable requests for accommodations and the same day of her complaint.

39. If, however, the reason(s) proffered by IT ITALIAN TRATTORIA are found to be with merit, Plaintiff's requests for accommodation and/or disability were a motivating factor in the decision for the adverse employment action.

40. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

41. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

**COUNT I**
**VIOLATION OF FLSA/OVERTIME**
**against IT ITALIAN TRATTORIA**

42. Plaintiff, re-alleges and reaffirms paragraphs 1-28 as if fully set forth herein.

43. During the relevant time of Plaintiff's employment, IT ITALIAN TRATTORIA has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

44. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

45. IT ITALIAN TRATTORIA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). IT ITALIAN TRATTORIA's business activities involve those to which the FLSA applies.

46. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

47. IT ITALIAN TRATTORIA has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during her employment.

48. By reason of the said intentional, willful and unlawful acts of IT ITALIAN TRATTORIA, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

49. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from IT ITALIAN TRATTORIA.

WHEREFORE, Plaintiff respectfully prays for the following relief against IT ITALIAN TRATTORIA:

A. Adjudge and decree that IT ITALIAN TRATTORIA has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
### VIOLATION OF FLSA/OVERTIME
### against FABRIZIO PELLICIOTTI

51. Plaintiff, re-alleges and reaffirms paragraphs 1-28 as if fully set forth herein.

52. At the times mentioned, Defendant PELLICIOTTI was, and is now, the title manager of corporate Defendant, IT ITALIAN TRATTORIA.

53. PELLICIOTTI was an employer of Plaintiff within the meaning of Section 3(d) of the "FLSA" [29 U.S.C. § 203(d)], in that PELLICIOTTI acted directly in the interests of IT ITALIAN TRATTORIA in relation to its employees including Plaintiff.

54. Specifically, PELLICIOTTI supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

55. PELLICIOTTI had operational control of the business and is thus jointly liable for Plaintiff's damages.

56. Defendant PELLICIOTTI willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**DISABILITY DISCRIMINATION**
**UNDER THE ADA AND ADAAA AGAINST IT ITALIAN TRATTORIA**

57. Plaintiff incorporates herein the allegations in paragraphs 1-19 and 29-41, inclusive, as though same were fully re-written, and says:

58. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

59. Plaintiff was at all times qualified to perform the essential functions of her job as a server with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

60. The adverse and disparate treatment to which Plaintiff was subjected by IT ITALIAN TRATTORIA, including but not limited to Plaintiff's termination, was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity and/or Plaintiff's record of having such disability.

61. IT ITALIAN TRATTORIA's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination is pretextual and asserted only to cover up the discriminatory nature of its conduct.

62. Even if IT ITALIAN TRATTORIA could assert legitimate reasons for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for IT ITALIAN TRATTORIA'S adverse treatment of Plaintiff.

63. As a result of the disparate conduct to which Plaintiff was subjected, including her termination, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement of her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

64. Plaintiff alleges that IT ITALIAN TRATTORIA's actions were done with malice, and with disregard for her protected rights under the ADA and the ADAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Laajami, Lengua, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant for:

A.      Actual damages as a result of Defendant's discriminatory actions;

B.      Punitive damages due to Defendant's willful behavior;

C.      Compensatory damages;

D.      Injunctive relief where feasible;

E.      Attorney's fees;

F.      Costs of this action; and

G.      Any other relief this Court deems proper.

**COUNT IV**
**FAILURE TO ACCOMMODATE IN VIOLATION**
**OF THE ADA AND ADAAA against IT ITALIAN TRATTORIA**

65. Plaintiff incorporates herein the allegations in paragraphs 1-19 and 29-41, inclusive, as though same were fully re-written, and says:

66. Plaintiff is and/or was disabled as she was diagnosed with asthma. On June 3, 2021, Plaintiff suffered an asthma attack for which she had to be hospitalized. As a result, Plaintiff was released

with restrictions including limiting her ability to bear heavy weight or participate in strenuous activity.

67. Plaintiff requested a reasonable accommodation pursuant to her doctor's note. This request was reasonable and would not have caused Defendant undue hardship.

68. Defendant failed to accommodate Plaintiff. Furthermore, Plaintiff was assigned tasks that required heavy lifting even though they were not part of her job description.

69. On or about June 14, 2021, Plaintiff was terminated.

70. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

71. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of unlawful conduct.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    A.  Actual damages as a result of Defendant's discriminatory actions;

    B.  Punitive damages due to Defendant's willful behavior;

    C.  Compensatory damages;

    D.  Injunctive relief where feasible;

    E.  Attorney's fees;

    F.  Costs of this action; and

    G.  Any other relief this Court deems proper.

## COUNT V
## VIOLATION OF THE ADA AND ADAAA against IT ITALIAN TRATTORIA (RETALIATION)

72. Plaintiff incorporates herein the allegations in paragraphs 1-19 and 29-41, inclusive, as though same were fully re-written, and says:

73. On or about June 3, 2021, after being hospitalized, Plaintiff requested reasonable accommodations for her limitations. These requests were made to Laajami and Lengua, who knew of Plaintiff's condition.

74. Defendant ignored Plaintiff's request for accommodation and failed to engage in the interactive process as required by law. After her request, Plaintiff was assigned work outside of her job description that required her to lift heavy weight.

75. Plaintiff  was terminated on June 14, 20201 after she objected to the assignments that were in violation of her medical restrictions and complained to PELLICIOTTI about Defendant's failure to accommodate her.

76. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Laajami, Lengua, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

77. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A.   The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B.   The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C.      The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA
## against IT ITALIAN TRATTORIA

78. Plaintiff incorporates herein the allegations in paragraphs 1-19 and 29-41, inclusive, as though same were fully re-written, and says:

79. Section 760.10 of the FCRA states in relevant part:

> (1)   it   is   unlawful   employment   practice   for   an   employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

80. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

81. Specifically, Plaintiff alleges that Defendant wrongfully denied her reasonable requests for an accommodation to her disability and terminated her.

82. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

83. Defendant's alleged bases for its adverse treatment of Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

84. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or requests for accommodation were also motivating factors for Defendant's adverse treatment of Plaintiff.

85. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

86. Based on information and belief, Plaintiff alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## against IT ITALIAN TRATTORIA
## (RETALIATION)

87. Plaintiff incorporates herein the allegations in paragraphs 1-19, and 29-41, inclusive, as though same were fully re-written, and says:

88. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

89. On or about June 14, 2021, Plaintiff made complained to Defendant's manager about the failure to accommodate her reasonable requests due to her medical limitations. This complaint was protected activity under the FCRA.

90. As a direct result of Plaintiff's requests, Defendant terminated Plaintiff without valid cause after her complaint.

91. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

92. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

93. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Laajami, Lengua, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

94. Defendant's alleged reason(s) terminating Plaintiff are pretextual as described above.

95. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability and/or requests for accommodation were a motivating factor in the decision for the adverse employment action(s).

96. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SELVA ALEJANDRA ABDALA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 1, 2022                         **PEREGONZA THE ATTORNEYS, PLLC**

                                                5201 Blue Lagoon Drive
                                                Suite 290
                                                Miami, FL 33126
                                                Tel. (786) 650-0202
                                                Fax. (786) 650-0200

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: */s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com